**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LATRISHA BRINSON,**

      Plaintiff,                                CASE NO.:6:05-cv-149-Orl-31KRS

vs.

**BREVARD EMERGENCY SERVICES, P.A.
And SHERILL SPACCIO,**

      Defendants.

---

### DEFENDANT, SHERRILL SPACCIO'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, SHERRILL SPACCIO, named as a Defendant herein, by and through her undersigned counsel and pursuant to F.R.C.P. 56 moves for Summary Judgment in this matter. Defendant's motion is directed solely to the claims made against her by the Plaintiff, LATRISHA BRINSON, and in support of her motion states as follows:

### PROCEDURAL STATUS

Plaintiff filed her Complaint (Docket No. 1) on January 27, 2005. The Complaint contained four Counts: Count I Violation of the Overtime Provisions of the Fair Labor Standards Act; Count II Violation of the Retaliation Provisions of the Fair Labor Standards Act, Count III Unpaid Wages Under Chapter 448, Florida Statutes (directly solely to Defendant, Brevard Emergency Services, and Count IV Florida Whistleblower. On March 9, 2005, this Court dismissed Count IV of the Complaint as to Defendant Sherill Spaccio. (Docket No.13). The Plaintiff has accepted an Offer of Judgment from the Defendants with regard to Count I and Count III. The sole remaining count directed at Defendant Sherrill Spaccio is Count II for Violation of the Retaliation Provisions of the Fair Labor Standards Act.

## **FACTUAL BACKGROUND**

Plaintiff began her employment with Brevard Emergency Services on or about June 18, 2001. (Complaint ¶ 7). Although Plaintiff has identified Charlotte Boldin as her "team leader" in her Complaint (Complaint ¶ 13), she has individually sued Ms. Spaccio in this action. During her deposition, Plaintiff conceded that she was hired by Charlotte Boldin. TR. Depo LATRISHA BRINSON, August 29, 2005 41:5-7). She also conceded that she did not work directly under Sherill Spaccio. (TR Depo BRINSON, 111:7-8.). In fact Ms. Spaccio had an entirely different set of employees on a separate team, which she supervised. (TR Continued Depo LATRISHA BRINSON 240:10-13, 241:6-10).

Ms. Brinson has offered the following testimony with regard to Ms. Spaccio and her job duties at Brevard Emergency Services:

> Q: Let's talk for a minute about Sherrill Spaccio. You told me what you believe her position was. And you think that it was the assistant to Dr. Shapiro that was your understanding, administrative assistant, I think is how you said it?
>
> A: She called herself a team leader, but I guess she was his assistant.
>
> Q: All right. What did you understand her duties to be?
>
> A: I don't know her duties, sir.
>
> Q: You don't know?
>
> A: I know payroll, number one, I do know payroll.
>
> Q: That's what I am asking. What did you understand her to do with respect to payroll?
>
> A: She had to – we had to clock in so she would, via a computer, pull the time that was according to the time clock and we got paid that way. She was, I guess, right hand to Dr. Shapiro; if it was something he wanted us to know, he would tell her; she would tell the rest of the company in an office meeting, so to speak.
>
> Q: Do you believe Ms. Spaccio had any decisions as to how much you were to be paid?
>
> A: I don't know.

>   Q:   You don't know?
>
>   A:   No. That was between my team leader and, I think, Dr. Shapiro.

(TR. Cont. Depo BRINSON 287:16-25; 288:1-18)

>   Q:   Yes, but do you have any knowledge about whether she participated in deciding how much you were paid?
>
>   A:   I didn't work directly - - no, I didn't work directly under her so she wouldn't have known. I guess the rate of pay depends on that person and her attitude and…
>
>   Q:   You're saying those decisions would be made by Charlotte.
>
>   A:   Yes, sir.
>
>   Q:   And Ms. Spaccio had no role in managing you, correct?
>
>   A:   No.
>
>   Q:   Do you know if she played any part in the decision to terminate you.
>
>   A:   I don't know. I really don't know.

(TR. Cont. Depo BRINSON 289:1-16).

Ruthanne Heinly, a former employee of Brevard Emergency Services, has provided the following additional testimony with regard to Ms. Spaccio:

>   Q.   And you're saying that you believe Ms. Spaccio participated in the decision to terminate?
>
>   A.   That it would be her decision to terminate.
>
>   Q.   And what do you base that on?
>
>   A.   You called her a team leader.  They were called team leaders, however, Sherill was the one in charge.
>
>   Q:   Is this your personal impression about what you thought her job duties were?
>
>   A.   This is the way in which she did her job.
>
>   Q.   Were you ever present when she terminated anyone?
>
>   A.   No.

    Q. Did you ever see anything in writing that said that she had the authority to do that?

    A. No.

    Q. Did you ever hear anyone else in Brevard Emergency Services management say that Ms. Spaccio had the authority to terminate people?

    A. No.

    Q. Did anyone ever tell you that Ms. Spaccio terminated someone?

    A. No.

    Q. Or had the authority to do so?

    A. No.

    Q. Now, Ms. Brinson worked in a different unit, correct?

    A. Correct.

    Q. She worked under Ms. Bolden?

    A. Yes.

TR. Depo RUTHANNE HEINLY, December 12, 2005, 53:1-25, 54:1-7.

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Libby Lobby, Inc., 477 U.S. 242, 251 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material facts. A "mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990)(citing Anderson, 477 U.S. at 251). The nonmovant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The question of whether a particular defendant is an employer under the Fair Labor Standards Act is a question of law. <u>Patel v. Wargo</u>, 803 F.2d 632, 634 (11th Cir. 1986). The Act itself defines employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee…" 29 USC §203(d)(2004). In determining whether an individual or entity qualifies as an employer under the Act, this circuit holds that "the total employment situation" must be considered. <u>Wirtz v. Lone Star Steel Co.</u>, 405 F.2d 668,669-70 (5th Cir. 1968). In particular, the court asked: "whether or not the employment [took] place on the premises of the [alleged employer]; how much control [did] the [alleged employer] exert on the employees; and, [did] the [alleged employer] have the power to fire, hire, or modify the employment condition of the employees?" *Id.* Courts applying the statutory definition have indicated the importance of the following criteria to their analysis: (1) the amount of control the alleged employer exerted on the employee; and (2) whether the alleged employer had the power to hire, fire, or modify the employment condition of the employee.

Applying these factors, Ms. Spaccio does not qualify as Ms. Brinson's employer under the Act. The uncontroverted record evidence proves that Ms. Spaccio exercised no direct control over Ms. Brinson and she had no power to hire or fire her. In fact, except for overseeing the appropriate input of the payroll, and perhaps being known as the harbinger of Dr. Shapiro's messages, there is absolutely no record evidence which establishes or even implies that she was directly involved with Ms. Brinson's employment at all. Clearly, Ms. Spaccio did not dominates the administration, or otherwise have the authority and autonomy to act on behalf of the corporation vis-a-vis its employees. Therefore, she cannot be considered Plaintiff's employer and is not subject to liability under the act.

Consequently, for all the foregoing reasons, Defendant SHERRILL SPACCIO, is entitled to summary judgment on Count II, the sole remaining count against her.

## Certificate of Service

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a copy of the foregoing and Notice of Electronic Filing has been furnished via U.S. Mail on this 6th day of January, 2006 to: John Bolanovich, Esq., Bogin, Munns & Munns, P.A., 2601 Technology Drive, Orlando, FL 32804.

**ALVAREZ, SAMBOL, WINTHROP & MADSON, P.A.**

/s Jennifer K. Birmingham
JEFFREY S. BADGLEY
Florida Bar No.: 0499417
JENNIFER K. BIRMINGHAM
Florida Bar No.: 0526800
ALVAREZ, SAMBOL, WINTHROP & MADSON, P.A.
100 South Orange Avenue, Suite
Orlando, FL 32801
Telephone No.: (407) 210-2796
Facsimile No.: (407) 210-2795
Attorneys for Defendants