# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LATRISHA BRINSON,**

                **Plaintiff,**

-vs-                                       **Case No. 6:05-cv-149-Orl-31KRS**

**BREVARD EMERGENCY SERVICES,
P.A. and SHERILL SPACCIO,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION
**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS (Doc. No. 44)
>
> **FILED:** May 10, 2006

**I.  PROCEDURAL HISTORY.**

      On January 27, 2005, Plaintiff Latrisha Brinson filed a four-count complaint against Defendants Brevard Emergency Services, P.A. (BES) and Sherill Spaccio for alleged violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* (Count I), for alleged violations of the retaliation provisions of the FLSA (Count II), for unpaid wages under Florida state law (Count III), and for alleged violations of the Florida Whistle Blower Act, Fla. Stat. § 440.102 (Count IV).  Doc. No. 1.

On December 20, 2005, BES and Spaccio served an offer of judgment as to Counts I and III, which was accepted by Brinson on December 22, 2005. Doc. No. 34, Ex. A; Doc. No. 45, Ex. 2. The offer of judgment provides that BES and Spaccio would allow partial judgment to be taken against them on Counts I and III in the amount of $3,500.00, and that the parties would submit to the Court the issue of "the reasonable attorney's fees and costs, if any, that Plaintiff is entitled to for Counts I and III of the Complaint." *Id*.

In April 2006, the parties reached a mediated settlement of Counts II and IV. Doc. No. 39. The settlement agreement provides as follows:

> Defendants will pay and Plaintiff will accept the sum of $20,000.00 in full and complete settlement of all claims arising out of Cou[nts] II and IV of Plaintiff's Complaint including, but not limited to any damages, attorney fees and costs.

Doc. No. 45, Ex. 3. Brinson admits that she received $8,000.00 in attorneys' fees under the settlement. Doc. No. 44 at 8 n.2.

Based on the settlement agreement, the Court dismissed Counts II and IV with prejudice. Doc. No. 40. Brinson filed a motion for final judgment on Counts I and III, doc. no. 41, which was granted on April 25, 2006, doc. no. 42. Judgment was entered against BES and Spaccio on April 26, 2006. Doc. No. 43.

Brinson timely filed the present motion for attorneys' fees and costs. Doc. No. 44. In support of the motion, Brinson submitted the affidavit of John W. Bolanovich, Esq., Brinson's lead counsel in this matter, time sheets detailing hours worked by Brinson's attorneys and support staff, and a list of costs incurred. Doc. No. 44-2.

BES and Spaccio have responded to the motion. Doc. No. 45. The matter was referred to me for issuance of a report and recommendation.

**II.     STANDARD OF REVIEW.**

*A.     Attorneys' Fees.*

Count I sought damages for violations of the overtime provisions of the FLSA.  The FLSA provides for a mandatory award of attorneys' fees.  29 U.S.C. § 216(b).  In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained."  *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

Count III sought damages for unpaid overtime wages, in violation of Florida common law and pursuant to chapter 448.08, Florida Statutes.  It does not appear that chapter 448.08 provides an independent cause of action.  However it does provide that "[t]he court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."  Because the federal lodestar approach in determining fee awards applies in chapter 448.08 and similar state statutes, *Bell v. U.S.B. Acquisition Co.*, 734 So.2d 403, 406 (Fla. 1999), this Court may proceed to consider the award of fees only under the FLSA.

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation.  *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985). Additional factors to be considered in determining a reasonable fee include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) preclusion of other employment; (5) the customary fee; (6)

whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

"The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted). It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

The "'fee applicant bears the burden of . . . documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. If the party submits inadequate documentation, the district court may reduce the amount of the award. *See id*.

Generally, a prevailing plaintiff may recover attorney's fees incurred in establishing her entitlement to fees. *See Thompson v. Pharm. Corp. of Am., Inc.,* 334 F.3d 1242, 1245 (11th Cir.

2003) (awarding fees for litigating entitlement to fees under 42 U.S.C. § 1988); *see also Schwartz v. High Q Seeds Corp.*, No. 05-60728-CIV, 2006 WL 1548385 (S.D. Fla. Mar. 13, 2006) (applying *Thompson* in a case brought under the FLSA).

  *B.*  *Costs.*

  The FLSA provides for a mandatory award of "costs of the action" to a prevailing plaintiff. 29 U.S.C. § 216(b). The United States Court of Appeals for the Eleventh Circuit has held that in FLSA cases courts may award as costs those expenses permitted by 28 U.S.C. § 1920 or similar statutes. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.* 482 U.S. 437, 441-42 (1987)); *see also EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2001) (holding that a court cannot award costs other than those specifically authorized in § 1920 unless authorized by another applicable statute). The Court can only award costs that are "adequately described and documented." *Scelta*, 203 F. Supp.2d at 1340.

  The following are allowable as costs under § 1920:

(1) Fees of the clerk and the marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for the use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under 28 U.S.C. § 1923; and
(6) Compensation of court appointed experts, interpreters, and salaries, fees, expenses and costs of special interpretation services.

Other litigation expenses, including "facsimiles, long distance telephone calls, couriers, express mail, computerized legal research, attorney travel and lodging, postage, search services, office supplies, attorney meals, secretarial services, mediation and expert witness fees are not

compensable under § 1920 because these expenses are not enumerated in the statute." *Scelta*, 203 F. Supp.2d at 1339.

## III. ANALYSIS.

### A. *Prevailing Party Status.*

Because the FLSA provides for an award of attorneys' fees and costs only to a prevailing plaintiff, this is a threshold inquiry. 29 U.S.C. § 216(b). Here, it is clear that Brinson prevailed on Counts I and III because judgment was entered against BES and Spaccio on those counts.

### B. *Attorneys' Fees.*

The settlement agreement for Counts II and IV provides that the settlement amount includes attorney's fees and costs associated with those counts. Brinson represents that the amount sought in the present motion includes only those fees incurred through December 22, 2005, the time at which she accepted the offer of judgment, and those fees incurred in preparing the present motion. Doc. No. 44-1 at 4.

Bolanovich avers that the attorneys and paralegals in the firm worked 66.7 hours in litigating Counts I and III of the complaint. Bolanovich also avers that from April 10 through May 9, 2006, Brinson's attorneys worked 16 hours in preparing the motion for fees and costs. He states that the rates charged range between $75.00 and $85.00 for paralegals, and $225.00 to $315.00 for attorneys. Based on these rates, Brinson seeks $17,869.00 for time spent litigating Counts I and III of the complaint, and $4,586.50 for work performed on the present motion, for a total of $22,538.20. Doc. No. 44-2 at 1-2.

The defendants object that awarding attorneys' fees for all work performed before December 22, 2005, would be improper because the settlement agreement provided for attorneys'

fees incurred for work on Counts II and IV.  They further object that Brinson failed to provide evidence supporting the rate requested, and has sought fees for non-legal and duplicative work.  They object that Brinson is not entitled to fees for time spent preparing the present motion, or in the alternative, that the amount sought includes duplicative or excessive work.

1. Reasonable Rate.

Bolanovich seeks an hourly rate of $265.00 for some of his work, and an hourly rate of $290.00 for work performed later in the case.  Bolanovich avers that he has been admitted to the bar since 1998, and that he has devoted the majority of his practice to employment law.  Doc. No. 44-2.  Bolanovich provided no evidence that any Court has awarded him fees at the requested hourly rates, or that any client has paid him fees at these hourly rates.

The defendants object that the hourly rates sought are excessive and inconsistent with the going rate for FLSA cases in Central Florida.  In support of this contention, they cite *Brother v. International Beach Club Condominium Association  Inc.*, No. 6:03-cv-444-ORL-28DAB, 2005 WL 1027240, at *7 (M.D. Fla. Apr. 28, 2005), an Americans With Disabilities Act case, where the court approved an hourly rate of $260.00 for an attorney with nineteen years experience and $120.00 for an associate with six years experience.

Based on my knowledge of the local legal market, I find that a rate of $265.00 or $290.00 per hour is inconsistent with the hourly rates charged and paid in the Central Florida market for an attorney with seven to eight years of experience.  In another FLSA case, I found an hourly rate of $250.00 reasonable for an attorney with sixteen years of litigation experience, and seven years of employment law litigation experience.  *See, e.g.*, *Ramirez v. Carribean Food Market*, No. 6:04-cv-176-Orl-KRS, 2005 WL 2675006 (M.D. Fla. Oct. 20, 2005).  In an ADA case, I found an hourly

rate between $185 to $265 to be reasonable, based on expert testimony, for work of an attorney with between eight and fifteen years of experience. *See Wilder v. Martin Petroleum Corp. of Fla.*, Case No. 6:03-cv-206-Orl-22KRS, doc. no. 105 (M.D. Fla. Oct. 14, 2005). Based on the rates approved in other cases, the *Johnson* factors, and considering Bolanovich's role as the lead attorney for Brinson, I conclude that an hourly rate of $225.00 is appropriate for Bolanovich's work in this case.

Brinson does not identify the other individuals who worked on the case by name, and she provided no evidence about their background and experience. As such, Brinson has failed to sustain her burden to present evidence to support the hourly rate sought. *See Norman*, 836 F.2d at 1299. Therefore, no fees are awardable for professionals other than Bolanovich.

        2.        <u>Reasonable Number of Hours</u>.

The next issue is whether the number of hours worked are reasonable. Based on a review of the time sheets, it appears that Bolanovich worked 49.1 hours on this case before Brinson accepted the offer of judgment on December 22, 2005. While defendants contend that there was "minimal, if any, litigation concerning the overtime issue," the record reflects that Spaccio filed a motion to dismiss as to Count III and Count IV. Doc. No. 8. Furthermore, Brinson disclosed her damages calculation in June 2005, but defendant did not serve an offer of judgment until December 2005. Litigation necessarily continued as to all counts until the offer of judgment was tendered and accepted. To the extent that the defendants contend that some of the time worked between June 2005 and December 22, 2005, did not relate in any way to Counts I and III, *see* doc. no. 45 at 12, they have failed to offer evidence to support their assertion.

After Brinson accepted the offer of judgment, Bolanovich spent about 45.3 hours on the litigation of Counts II and IV. Doc. No. 44-2. After the settlement was reached on these counts, Bolanovich worked an additional 14.9 hours on the present motion.

The defendants object that some of the hours worked by Bolanovich are duplicative, clerical, or excessive. Specifically, the defendants object to the following entries:[1]

| Objection | Date Worked | Plaintiff's Attorney and Hours Sought | Description |
|---|---|---|---|
| 1 | February 2, 2005 | Bolanovich: 0.3 | Conference with client regarding assembly of payroll records |
| 2 | March 11, 2005 | Bolanovich: 0.3 | Receipt and review of interested persons and response to order to show cause |
| 3 | April 21, 2005 | Bolanovich: 0.6 | Receipt and review of proposed draft of case management report; draft revisions to same; forward to opposing counsel |
| 4 | March 16, 2005 | Bolanovich: 0.3 | Receipt and review of Notice of Appearance of defendant's counsel and research identity of same. |
| 5 | May 6, 2005 | Bolanovich: 0.1 | Receipt and review of Defendant's certificate of compliance with Rule 26 disclosures |
| 6 | May 13, 2005 | Bolanovich: 0.9 | Review materials for Rule 26 disclosure |
| 7 | May 31, 2005 | Bolanovich: 1.5 | Receipt and review of Notice of Deposition to client and defendant Rule 26 disclosures, coordinate deposition of first round of witnesses, review complaint and intake notes to determine identity of same |

---

[1] For the convenience of the Court in reviewing the objections, I have assigned all of the objections a number based on the date of the challenged entry. I have not included in this summary any objections made about attorneys other than Bolanovich.

| 8  | June 13, 2005   | Bolanovich: 1.5 | Finalize Rule 26 disclosure |
|----|-----------------|-----------------|-----------------------------|
| 9  | July 5, 2005    | Bolanovich: 0.1 | Receipt and review of amended notice of taking deposition of client |
| 10 | July 6, 2005    | Bolanovich: 0.2 | Coordinate rescheduling of client's deposition |
| 11 | August 31, 2005 | Bolanovich: 2.3 | Review notes from client deposition, delegate drafting of written discovery; coordinate initial deposition of defendant's employees |

The defendants also generally object that the hours claimed by Brinson in preparing the present motion are excessive. Because the defendants have the burden of stating their objections with specificity, *see Barnes*, 168 F.3d at 428, these are the only issues I will address with respect to the reasonable number of hours worked.

Objections 1, 6 and 8 are not well taken. It is important for trial counsel to explain to the client the precise information that must be gathered to comply with the client's discovery obligations under the Federal Rules of Civil Procedure and this Court's orders. It is equally important for counsel to review the materials produced to prepare the disclosures under Federal Rule of Evidence 26. Defendants' objections to duplicative work have been resolved by my recommendation that the Court not award attorneys' fees for work performed by anyone other than Bolanovich.

Objections 2, 3, 4, 5, and 9 are based on the argument that the time worked is excessive for review of standard notices. I find these objections are well-taken with respect to objections 2 and 4. The Defendants' Certificate of Interested Persons, Corporate Disclosure Statement and

Response to Order to Show Cause, doc. No. 12, reviewed by Bolanovich on March 11, 2005, is a two-page document that merely lists the parties and their attorneys as interested persons.  It is difficult to understand why review of this document would take eighteen minutes (0.3 hours).  *See Ramirez*, 2005 WL 2675006, at * 3.  The Notice of Appearance of Jeffrey S. Badgley, doc. no. 14, which Bolanovich reviewed on March 16, 2005, simply indicated and Badgley would be counsel for the defendants.  Badgley's biography is available on www.martindale.com, which is easily accessible via computer.  Therefore, it should not have taken eighteen minutes (0.3 hours) to review this document and research Badgley's background.  *Id.*  I recommend that Bolanovich be awarded only 0.1 hour for each of these tasks, totaling a reduction of .4 hours.

As for objections 5 and 9, 0.1 hours is an acceptable minimum billing period for the work performed.

As for objection 3, the work performed including revising the draft case management report, not simply reviewing it.  The number of hours worked in this regard are not excessive.  Therefore, this objection should be overruled.

As for objections 7, 10, and 11, the grouping of ministerial tasks, such as coordinating deposition dates, with more substantive work, such as reviewing the defendants' Rule 26 disclosures, makes it difficult to assess the reasonableness of the time spent on tasks that would not properly be charged at a lawyer's hourly rate.  It is clear, however, that 0.2 hours spent on July 6, 2005, coordinating a deposition was a purely ministerial task for which Bolanovich should not be compensated. *See Am. Charities for Reasonable Fundraising Reg., Inc. v. Pinellas County,* 278 F. Supp. 2d 1301, 1321 (M.D. Fla. 2003).   I find that the substantive tasks performed on May 31, and August 31, 2005, are sufficient to support working the hours claimed.  Therefore, I

recommend that objection 10 be sustained, and Bolanovich's time reduced by 0.2 hours, and that objections 7 and 11 be overruled.

As to the hours spent litigating entitlement to fees, Brinson is entitled to a reasonable fee.[2] Bolanovich spent 14. 9 hours, which equates to approximately two days of work, preparing the motion for attorneys' fees and accompanying affidavit. He discussed the proper law and the facts in support of the various elements of that law. His failure to provide evidence in support of the claim for attorney's fees for work by others has already been accounted for in the recommendation that no fees be awarded for work performed by individuals other than Bolanovich. Accordingly, I recommend that this objection be overruled.

        3.    <u>Whether Brinson Can Recover for All Work Performed Before Acceptance of the Offer of Judgment</u>.

Brinson argues that attorneys' fees should be awarded for all work performed before she accepted the offer of judgment on December 22, 2005. She argues that her attorneys were "obliged to investigate and prosecute the matters relating to Plaintiff's overtime claims [the basis for Counts I and III] and how her internal complaints about the violations served as a basis for

---

[2] The defendants cite *Casden v. JBC Legal Group, P.C.*, No. 04-60669-Civ-MARRA, 04-60669-Civ-SELTZER, 2005 WL 165383, *3 (S.D. Fla. Jan. 7, 2005), for the proposition that where an offer of judgment includes an offer to pay attorney's fees, it may be inappropriate to subsequently award fees. In that case, entitlement to fees was established by the offer of judgment, and the magistrate judge reduced a fee award for time spent proving entitlement. *Id*. However, the judge awarded fees for litigating the reasonableness of the attorney's fees sought because "Defendant in fact challenged the reasonableness of Plaintiff's fee request." *Id.* In this case, the offer of judgment provided that "[t]he Defendants agree to have the court make a determination of the reasonable attorney's fees and costs, *if any*, that Plaintiff is entitled to for Counts I and II of the Complaint." Doc. No. 45-3 (emphasis added). Because entitlement to fees was not clear from the offer of judgment, and the defendants challenge the reasonableness of the fees sought, *Casden* does not support the argument that fees should not be awarded in this case for litigation regarding the fee award.

Defendant's unlawful retaliatory discharge of her employment [the basis for Counts II and IV]." Doc. No. 44 at 12.  She cites cases in support of the proposition that it is inappropriate for the court to award fees only for those issues on which the party prevailed.  *Id*.  The defendants object that awarding attorneys' fees for all work performed before December 22, 2005, would be improper because the settlement agreement provided for attorneys' fees incurred for work on Counts II and IV.

Brinson is correct that the Court should not dissect fee applications into winning and losing hours.  *See Dowdell v. City of Apopka, Fla.*, 698 F.2d 1181, 1187 (11th Cir. 1983).  Moreover, the defendants have made no evidentiary showing that any of the time worked before December 22, 2005, was devoted exclusively to the causes of action raised on Counts II and IV.

Additionally, the record reflects that the defendants received Brinson's damages calculation as to Counts I and III in June 2005, yet they did not serve an offer of judgment until December 2005.  Until the offer of judgment was tendered, counsel for Brinson was obligated to continue litigation of the entire case.

It is, however, appropriate for the Court to consider whether the amount of attorney's awarded pursuant to the present motion is excessive based on the approximately $8,000.00 in attorney's fees agreed to in the mediated settlement and based on the amount of money paid to Brinson as compensation for her claims.

With respect to the attorney's fees included in the mediated settlement, I note that the timesheet reflects that Bolanovich worked approximately 45.3 hours on litigation of Counts II and IV after the offer of judgment was accepted.  At the hourly rate of $225.00 per hour, Bolanovich could have been awarded approximately $10,000.00 for this work alone.  Accordingly, I find that

no reduction should be made in the fees awarded for Counts I and III based on the attorney's fees agreed to for the work on Counts II and IV.

With respect to the amount of recovery, Brinson received approximately $12,000.00 from the mediated settlement and $3,500.00 on her overtime claims. These amounts were not *de minimus*. Furthermore, as discussed above, defendants' delay in making "the business decision that it would not be cost effective to litigate the overtime claim," doc. no. 45 at 2, resulted in litigation continuing as to all counts of the complaint until the offer of judgment was tendered. Under these circumstances, a reduction in fees is not required based on the argument that the attorneys' fees are excessive in light of the results obtained.

    4.    <u>Lodestar Attorney's Fee Award</u>.

Based on the foregoing analysis, I recommend that the Court award Brinson $14,265.00 in attorney's fees based on 63.4 hours of work by Bolanovich at the rate of $225.00 per hour.

*C.*    *Costs.*

    1.    <u>Costs Should Not Be Awarded</u>.

Brinson also seeks an award of $1,373.84 in total costs before December 22, 2005, the date on which she accepted the offer of judgment. The costs incurred include the following types of expenses: the filing fee, facsimiles, long distance telephone calls, postage, interest, photocopies, process server's fees, and fees paid to court reporters for depositions. The list of costs includes the dates on which the expenditures were made, but includes little information as to why they were made. Furthermore, Brinson has not submitted any evidence in support of the alleged costs, such as receipts, bills, or statements. The only evidence of record confirming an alleged cost is for the

filing fee of $150.00, for which the Court's online docket indicates a receipt number. Doc. No. 1 docket text.

The defendants object that many of the costs sought are not awardable under 28 U.S.C. § 1920, and request that the Court exclude costs not awardable under the statute.

Bolanovich avers that Brinson incurred $1,509.74 in costs for litigating Counts I and III of the complaint, of which $1,373.84 is collectible under § 1920. In support of these figures, Bolanovich attached the list of all disbursements made in the case, which total far more than the amount sought. Without an identification of the items that Brinson contends are reimbursable, it is impossible to evaluate whether all the costs sought are reimbursable. Because the Court can only award costs that are "adequately described and documented," *Scelta*, 203 F. Supp.2d at 1340, Brinson has failed to satisfy her burden of showing entitlement to any costs. Therefore, I respectfully recommend that the Court award no costs in this matter.

       2.      <u>Alternative Cost Calculation</u>.

In the event the Court concludes that an award of costs is appropriate, I will address the costs listed in the timesheet by category.

       a.      Filing Fee.

The filing fee of $150.00 is reimbursable under § 1920(5), if this cost is not included in the mediated settlement payment.

       b.      Process Server's Fees.

In this circuit, "a district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in [28 U.S.C.] § 1921," which authorizes the United States Marshals Service to collect a fee for service of a summons or subpoena. *W&O*, 213

F.3d at 624. The amount of the fee chargeable by the Marshals Service is set forth in 28 C.F.R. § 0 .114(a)(3), which states that $45.00 per hour is charged for personal service plus travel costs and other out-of-pocket expenses. Accordingly, the Court must consider whether the process server fees claimed by Brinson are commensurate with this rate.

Here, Brinson seeks costs of $50.00 each for the service of the complaint and summons on Spaccio and BES, which are reimbursable.

Brinson also seeks costs for service on "R. Heinly," "Carol Dias," and "Torres." Brinson did not explain who these individuals were or why they were served with documents. She also did not explain why service on these individuals was necessary for the advancement of Counts I and III. Therefore, I recommend that these costs not be awarded.

          c.        Photocopies.

As to Brinson's request for photocopying charges, under § 1920 "[a] prevailing party may recover photocopy costs for copies that the 'party could have reasonably believed' were necessary to the litigation." *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000) (citing *W&O*, 213 F.3d at 623). "To recover for photocopy expenses, a prevailing party must produce adequate documentation to show that the copies at issue were reasonably intended for use in the case." *Id.*; *accord Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994) (disallowing copying costs because the plaintiff failed to provide evidence of the documents' use or intended use). Brinson has provided no explanation of the need for photocopies. However, defendants also do not specifically object to the photocopying charges. Recognizing that there is a need for some documents to be copied in any litigation, and in the absence of objection, the

photocopying charges would be reimbursable under § 1920 if not already included in the mediated settlement payment.

        d.  Fees of the Court Reporter.

Costs of "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for the use in the case" are reimbursable under § 1920(2). The Eleventh Circuit has concluded that § 1920 includes deposition costs that were incurred for use in the case, but does not include deposition costs incurred merely for convenience or investigation. *W&O*, 213 F.3d at 620-21.

The record reflects that Defendant Spaccio filed the deposition of Ruthanne Heinley in support of her motion for summary judgment. It is reasonable for opposing counsel to have a transcript of a deposition used by the opposing party in litigation. *See, e.g., Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)("'Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the [party] might need the deposition transcripts to cross-examine the witnesses, . . . and that the information those people had on the subject matter was not so irrelevant or so unimportant that their depositions were outside the bound of discovery'")(quoting *W&O*, 213 F.3d at 621.). However, Spaccio's motion for summary judgment related only to Count II. Doc. No. 24. Therefore, the transcript of Heinley's deposition was not necessarily obtained for use in litigating Counts I and III.

Brinson failed to present any evidence to support a finding that the remaining transcripts of the depositions for which costs are sought were necessarily incurred rather than incurred only for

the convenience of counsel, and she has not addressed whether these transcripts related to Counts I and III, or Counts II and IV. Accordingly, these costs would not be reimbursable.

          e.   Other Costs.

Because facsimile charges, long distance telephone charges, postage, and interest are not awardable as costs under § 1920, all of these costs should be disallowed.

**IV. RECOMMENDATION.**

For the foregoing reasons, I respectfully recommend that the motion be **GRANTED in part and DENIED in part**. I recommend that Brinson be awarded $14,265.00 in attorney's fees and nothing in costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 28, 2006.

                   *Karla R. Spaulding*
                   KARLA R. SPAULDING
                 UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy