**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LATRISHA BRINSON,**

              **Plaintiff,**　　　　　　**CASE NO.: 6:05-cv-149-Orl-31KRS**

**v.**

**BREVARD EMERGENCY SERVICES, P.A.
and SHERRILL SPACCIO,**

              **Defendants.**
_____/

**DEFENDANTS' AMENDED OBJECTION TO REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

COME NOW, the Defendants, BREVARD EMERGENCY SERVICES, P.A. and SHERRILL SPACCIO, by and through their undersigned counsel, and file their amended objection to the Report and Recommendation of Magistrate Judge Karla R. Spaulding dated August 28, 2006, (Doc. No. 47) to correct a scrivener's error in the signature block of the original Objection to Report and Recommendation timely filed on September 7, 2006 and to file under the appropriate CM/ECF document designation as requested by the Clerk of the Court and would show this Court as follows:

**I.　　Background**

Plaintiff, Latrisha Brinson, filed a Complaint against the Defendants alleging Violation of the Overtime Provisions of the Fair Labor Standards Act (Count I); Violation of the Retaliation Provisions of the Fair Labor Standards Act (Count II); Unpaid Wages Under Chapter 448, Florida Statutes (Count III) and violation of §440.102, Fla. Stat., the "Florida Whistleblower Statute" (Count IV).

Although Defendants believed they had a good defense to Plaintiff's overtime claim, Defendants made the business decision that it would not be cost effective to litigate the

overtime claims and decided to attempt to settle those claims. Consequently, Defendants made Plaintiff an Offer of Judgment as to Count I and Count III. On December 22, 2005, the Plaintiff accepted the Defendants' Offer of Judgment. The offer and acceptance have been filed with the Court pursuant to F.R.C.P. 68. The Offer of Judgment provided that the parties would submit the issue of "the reasonable attorney's fees and costs, if any, that Plaintiff is entitled to for Counts I and III of the Complaint." Doc. No. 41 Ex. A.

In April 2006, the parties successfully mediated the remaining wrongful discharge counts (Counts II and IV) and entered into a settlement agreement. The Mediated Settlement Agreement provided:

> Defendants will pay and Plaintiff will accept the sum of $20,000.00 in full and complete settlement of all claims arising out of Counts II and IV of the Plaintiff's Complaint, including, but not limited to any damages, attorneys' fees and costs.

A copy of the Mediated Settlement Agreement was previously provided to the Court. *See* Doc. No. 45 Ex. 3. Pursuant to the terms of the Mediated Settlement Agreement, the parties reached an independent agreement with respect to Plaintiff's claim for attorneys' fees and costs associated with the litigation of Counts II and IV of her Complaint. Plaintiff has admitted that she received $8,000.00 in attorneys' fees under the terms of the Mediated Settlement Agreement. *See* Doc. No. 44 at 8 n.2. Following that settlement, Plaintiff filed a Motion for Award of Attorneys' Fees and Costs and Defendants filed their Response and Memorandum of Law in Opposition. Doc. No. 45 and Doc. No. 46.

The sole issue for disposition before this Court is the reasonable amount of attorneys' fees and costs the Plaintiff is entitled to for the litigation of Counts I and III. Defendants' primary argument in opposition to the claim is that Plaintiff has made absolutely no attempt to differentiate or otherwise distinguish whether the attorney time she has claimed is attributable to her overtime claim (Counts I and III) or to her wrongful retaliation/whistleblower claims (Counts II and IV) for which Defendants already paid Plaintiff a reasonable and agreed upon attorney's fee in the Mediated Settlement Agreement. The affidavit and the time sheets provided by

Plaintiff's counsel in support of her claim for attorneys' fees do not apportion any of the attorney time through December 22, 2005 for the wrongful discharge counts, which were her primary claims in the case.  Despite admissions and statements in her motion that she is seeking payment only for the attorney's fees and costs attributable to Counts I and III, Plaintiff is plainly attempting to claim additional payment for attorney's fees and costs attributable to Counts II and IV for which she has already been reimbursed.

On August 28, 2006, Magistrate Judge Karla R. Spaulding filed her Report and Recommendation directed to the Plaintiffs' Motion for Attorney's Fees and Costs.  Magistrate Spaulding recommended that "no reduction be made in the fees awarded for Counts I and III based on the attorney's fees agreed for the work on Counts II and IV." Doc. No. 47 at 13-14. Magistrate Spaulding appears to base this recommendation on her concern that the Defendants "have made no evidentiary showing that any of the time worked before December 22, 2005, was devoted exclusively to the causes of action raised on Counts II and IV." Doc. No. 47 at 13.  The Defendants object to the Magistrate's recommendation that no reductions be made for these hours on the basis that she has inappropriately shifted the burden of allocating the time worked by the Plaintiff's counsel to the Defendants.

## II.  LEGAL ARGUMENT

### A.  The Plaintiff having settled her claim for attorneys' fees associated with Counts II and IV cannot now be awarded double recovery.

A settlement agreement is a contract and, as such, its construction and enforcement are governed by principles of Florida's general contract law." Schwartz v. Florida Bd. of Regents, 807 F.2d 901, 905 (11th Cir. 1987); Wong v. Bailey, 752 F.2d 619, 621 (11th Cir. 1985)("A settlement agreement is a contract and, as such, its construction and enforcement are governed by principles of Florida's general contract law.). Words in a contract are to be given their plain and ordinary meaning, and it is not for the court to add or subtract any language from the face of

a clearly worded agreement. Robin v. Sun Oil Co., 548 F.2d 554, 557 (5th Cir. 1977); Quesada v. Director, Federal Emergency Management Agency, 577 F.Supp. 695, 697 (S.D. Fla. 1983) *citing* Equitable Life Assurance Society of the U.S. v. Pinon, 344 So.2d 880 (Fla. 3d DCA 1977) Emmco Insurance Co. v. Southern Terminal & Transport Co., 333 So.2d 80 Fla. 1st DCA 1976). Settlement agreements are favored as a means to conserve judicial resources. Courts will enforce them when it is possible to do so. *See* Long Term Mgmt., Inc. v. Univ. Nursing Ctr., Inc., 704 So.2d 669, 673 (Fla. 1st DCA 1997). A contract needs to be interpreted in accordance with its clear and unambiguous terms. Avis Rent A Car Sys., Inc. v. Monroe County, 660 So.2d 413 (Fla. 3d DCA 1995). Words must be given their ordinary meaning. Transamerica Ins. Co. v. Rutkin, 218 So.2d 509 (Fla. 3d DCA 1969). It is axiomatic that where the language of a contract is clear and unambiguous, a trial court is not at liberty to modify the agreement and therefore must give effect to its express provisions. Voelker v. Combined Ins. Co. of America, 73 So.2d 403 (Fla. 1954); Shuster v. South Broward Hosp. Dist. Physicians, 570 So. 2d 1362 (Fla. 4th DCA 1990). Moreover, a trial court may not rewrite the terms of a contract in an effort to relieve one of the parties from the apparent hardship of an improvident bargain. Bella Vista v. Interior & Exterior Specialties Co., Inc., 436 So.2d 1107 (Fla. 4th DCA 1983). As such, it is not the role of a trial court to make an otherwise valid contract more reasonable from the standpoint of one of the contracting parties. Medical Center Health Plan v. Brick, 572 So. 2d 548 (Fla. 1st DCA 1990).

There is no mystery or ambiguity in the Mediated Settlement Agreement between the parties.  The Plaintiff accepted a lump sum amount for al claims arising out of Counts II and IV, including all claims for attorney's fees.  Having relinquished any further claim for attorneys' fees and costs attributable to Counts II and IV by entering into this agreement, she is bound by its terms and has waived all claims for attorneys' fees which she may not have been compensated for under its terms.  This Court is also bound to enforce the clear terms of the agreement and cannot award additional fees and costs to the Plaintiff for the litigation of Counts II and IV.

### B. The Plaintiff, not the Defendants, has the burden to apportion the time expended on the litigation of Counts I and III.

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). Fee counsel also bears the initial burden of "maintain[ing] records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity. Id. *citing* Hensley v. Eckerhart, 461 U.S. 424, 437 (U.S. 1983) (The applicant should exercise "billing judgment" with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims).

In her recommendations, the Magistrate correctly cites the law of Norman and acknowledges the initial burden placed on Plaintiff and her counsel. *See* Doc. No. 47 at 4. However, in her recommendation that the number of hours claimed by the Plaintiff not be reduced to account for the attorney's fees previously paid for work related to Counts II and IV, she disregards Plaintiff's total lack of description and documentation, and in contravention of Norman, places all burden on the Defendants. The Magistrate's recommendation places the Defendants in the untenable position of attempting to prove a negative. More specifically, the Magistrate indicates that the Defendants "did not serve their offer of judgment until December 2005. Litigation necessarily continued as to all counts until the offer of judgment was tendered and accepted. To the extent that the defendants contend that some of the time worked between June 2005 and December 22, 2005, did not relate in any way to Counts I and III . . . they have failed to offer evidence to support their assertion." *See* Doc. No. 47 at 8. This shift of burden is inappropriate under Norman and ignores the Plaintiff's burden of offering evidence that all hours expended between June 2005 and December 22, 2005 were in all ways related to Counts I and

III.    The burden that the Magistrate places on the Defendant is also impossible to establish because the Defendants have absolutely no control over opposing counsel's time records.

The Magistrate, citing Dowdell v. City of Apopka, Fla., 698 F.2d 1181, 1187 (11th Cir. 1983), also accepts Plaintiff's argument that she should be awarded all fees prior to December 22,2 005, on the basis that "the Court should not dissect fee applications into winning and losing hours." See Doc. No. 47 at 13.   However, that case, citing Jones v. Diamond, 636 F.2d 1364, 1382 (5th Cir. 1981), stands for the proposition that in determining fee awards "the district court should be mindful…issues are overlapping and intertwined … the court must consider the relationship of the claims that resulted in judgment with the claims that were rejected and the contribution, if any, made to success by the investigation and prosecution of the entire case." Id. In the instant case, Defendants' objection is not based on the need to apportion or "dissect" the fee claim into winning and losing hours.  The Defendants' objection stems from the need to apportion out hours expended on the litigation of Counts II and IV for which the Plaintiff has previously received agreed and bargained for payment.  The Plaintiff has negotiated payment for all time expended in the litigation of those claims and all burden to establish the hours expended exclusively on Counts I and III falls upon the Plaintiff.

### III.    **CONCLUSION**

Plaintiff has unequivocally been compensated for the attorney's fees she incurred for the litigation of Counts II and IV.  The only issue for determination by this Court is to award Plaintiff a reasonable attorney's fee for the charges she incurred for the litigation of Counts I and III. The fact that litigation necessarily continued on all Counts prior to tender and acceptance of the Defendants' Offer of Judgment misses the point that the Plaintiff has previously been compensated for all attorney's fees and costs associated with Counts II and IV and is bound by the terms of the Mediated Settlement Agreement.   This Court can not place the Plaintiff in a better than contracted for position by awarding her additional fees and costs which appear to

stem from the litigation of Counts II and IV.  Moreover, this Court should not place the burden of allocation on the Defendant and award Plaintiff additional fees and costs which are attributable in any way to Counts II and IV  when Plaintiff's counsel has not satisfied his initial burden to allocate his time entries to Counts I and III.  The Magistrate's recommendation in this regard inappropriately shifts this burden to the Defendants and ignores the contractual agreement between the parties.

### Certificate of Service

HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that a copy of the foregoing and Notice of Electronic Filing has been furnished via U.S. Mail on this 8th day of September, 2006 to: John Bolanovich, Esq., Bogin, Munns & Munns, P.A., 2601 Technology Drive, Orlando, FL 32804 and Andrew S. Hament, Esq., Gray Robinson, P.A., 1800 West Hibiscus Blvd., Suite 138, Melbourne, FL 32901.

//s// Jennifer K. Birmingham
JENNIFER K. BIRMINGHAM
Florida Bar No.: 526800
**ALVAREZ, SAMBOL, WINTHROP & MADSON, P.A.**
100 South Orange Avenue, Ste. 200
Orlando, FL  32801
Telephone No:  (407) 210-2796
Facsimile No.:  (407) 210-2795
Attorneys for Defendants